RECEIVED

APR 1 2 2011

TONY R. MOORE, CLERK
BY_____
　　　DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

PHILLIP JEROME PATTERSON

CIVIL ACTION NO. 09-2028

versus

JUDGE TOM STAGG

SEARS ROEBUCK AND CO.

---

## MEMORANDUM RULING

Before the court is a motion for summary judgment filed by the defendant, Sears, Roebuck and Co. ("Sears"), seeking dismissal of the plaintiff's claims of employment discrimination in violation of the Age Discrimination in Employment Act ("ADEA"). See Record Document 19. Based on the following, Sears's motion for summary judgment is **GRANTED**.

# I. BACKGROUND[1]

The plaintiff, Phillip Patterson ("Patterson"), became employed with Sears as a Loss Prevention Associate at the Bossier City, Louisiana, store on February 29, 2008. Coretta Johnson ("Johnson"), the store manager, hired Patterson and Johnson was 45 years old when she hired him. At the time he was hired, Patterson was 47 years old.

The Sears store in Bossier City did not qualify to have a Loss Prevention Manager onsite because of the volume and size of the store. Instead, the Bossier City Sears was staffed with several Loss Prevention Associates and a Loss Prevention Lead. The Loss Prevention Lead is an hourly, non-management employee who performs the Loss Prevention Associate job duties, and is also responsible for assisting the store manager with interviewing, selecting, scheduling and training the Loss Prevention Associates. The Loss Prevention Lead position

---

[1]Local Civil Rule 56.2 of the Uniform District Court Rules requires that "[e]ach copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried." The rule further provides that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." The plaintiff did not controvert the statement of material facts filed by Sears. Thus, all material facts set forth in Sears's statement have been deemed admitted, for purposes of this motion, and the fact section of this opinion is drawn largely from Sears's filing per Local Rule 56.2.

was open two times while Patterson was working at Sears--in November of 2008 and January of 2009.

In November of 2008, Patterson did not apply for and was not considered for the Loss Prevention Lead position. Gloria Thomas was selected for the position. She left the position on January 12, 2009, and the job was open and vacant for several months. Patterson completed a Posted Job Opportunity Application Form on May 22, 2009. The Loss Prevention Lead position was not filled by Sears until September of 2009.

Prior to Thomas vacating the Loss Prevention Lead position, Johnson, the store manager, had issued Patterson a final warning on January 5, 2009, for "an NPD[2] and because he was not satisfactorily performing his job duties." Record Document 19, Ex. B (Johnson Declaration). On February 24, 2009, Johnson sought approval to terminate Patterson for unsatisfactory job performance because he had "not been auditing the MPU counts on a daily basis." Id.[3]

---

[2]Neither Johnson's declaration nor Sears's motion for summary judgment clarify or explain "an NPD" or "MPU count."

[3]Although left unexplained in Johnson's declaration and in Sears's motion for summary judgment, the court presumes that Johnson was not advised to terminate Patterson but was instead advised by someone at Sears that "auditing the MPU counts is part of his job responsibility and is considered a performance issue." Record Document 19, Ex. B-7. Johnson was evidently further advised that she needed "to begin the performance PPI process with [Patterson]." Id.

Thereafter, on July 20, 2009, Sears senior field auditor Marty Smits ("Smits") was conducting an audit at the Sears store in Bossier City. Smits discovered that several fire extinguishers had not been inspected by Sears in June of 2009. According to Sears's policy, all fire extinguishers within the store were to be inspected monthly to ensure each extinguisher would be functional and accessible in the event of a fire. Smits pointed out the missing inspection dates to Patterson, who was accompanying Smits during part of his inspection. Smits returned to photograph the fire extinguishers and noted that the extinguisher tags had been backdated with Patterson's initials to indicate that they had been inspected in June of 2009, when in fact they had not. Smits reported this to Johnson, who immediately began an investigation.

Patterson was interviewed and gave a statement admitting to backdating the fire extinguisher tags, noting that he told Smits that he "didn't know he could not put old months on them." Record Document 19, Ex. B-10. Patterson admitted to Johnson that he "did write in the missing information even though he had not personally checked the fire extinguishers." Id. Johnson told Patterson he violated company policy by falsifying company documents and that she considered it a serious issue and unacceptable. Thereafter, someone from the human resources department of the Bossier City store requested approval to terminate Patterson

based upon his falsification of the fire extinguisher tags. After reviewing the statements by Patterson and Smits, the human resources consultant approved Patterson's termination for integrity, based upon his falsification of the fire extinguisher records. After receiving approval, Johnson decided to terminate Patterson on July 22, 2009.

As mentioned, the Loss Prevention Lead position was not filled by Sears until September of 2009. Patterson was not selected for the Loss Prevention Lead position when he applied for the job in May of 2009, because at the time, the store manager had experienced problems with Patterson's work performance. In the interim time period, Patterson was terminated by Sears. Thus, at the time the Loss Prevention Lead position was filled, Patterson was no longer an active employee. Johnson chose Tony Miller ("Miller") to fill the Loss Prevention Lead position based upon his prior experience in loss prevention and his years of military experience. Miller was 27 years old at the time he was chosen for the position.

After his termination, Patterson contacted 88 Sears[4] to complain about his termination. He reported that he did not dispute his termination, but he was instead

---

[4]Sears displays a poster that includes a letter from its CEO explaining its fair employment policies. The policies advise associates that they can report any violations to their immediate supervisor or manager, to their manager's supervisor, a human resources representative, or to 88 Sears by calling a toll-free number. See Record Document 19, Exs. B-2 through B-5.

unhappy with the way it was handled. The report of the conversation indicated that Patterson admitted "[h]e filled in two monthly inspection dates on the same day but present[ed] it as if he inspected them on the separate dates." Record Document 20, Ex. D.

The Equal Employment Opportunity Commission ("EEOC") issued a right to sue notice to Patterson, concluding that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." Record Document 19, Ex. G. Patterson subsequently filed suit in this court, claiming that he was denied a promotion due to his age.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an

---

[5] The court notes that the newly amended Rule 56 requires that there be "no genuine **dispute** as to any material fact," but this change does not alter the court's analysis. Fed. R. Civ. P. 56(a) and advisory committee's note (emphasis added).

element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

### B. Patterson's Failure To Respond To Sears's Motion.

Patterson was served a copy of the motion for summary judgment by Sears on November 30, 2010. See Record Document 19. To date, Patterson has not responded. Local Rule 7.5 requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion." Patterson failed to oppose the motion for summary judgment within the required twenty-one day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its

> response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

Patterson's failure to oppose Sears's motion for summary judgment is, standing alone, an insufficient basis for a grant of summary judgment, as Sears still must establish the absence of a genuine dispute as to a material fact to prevail on its motion. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). However, as discussed below, the court finds it appropriate to enter summary judgment against Patterson.

C.   **The ADEA.**

Under the ADEA, "[i]t shall be unlawful for an employer to fail or refuse to hire . . . any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). To establish an ADEA claim, "[a] plaintiff must prove by a preponderance of the evidence (which may be direct or circumstantial), that age was the 'but-for' cause of the challenged employer decision." Gross v. FBL Fin. Servs., Inc., --- U.S. ---, 129 S. Ct. 2343, 2351 (2009). Because Patterson's claim is based on circumstantial evidence, it is governed by the

tripartite burden-shifting test established by McDonnell Douglas v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). Under this test, if Patterson establishes a prima facie case of discrimination, the burden shifts to Sears to articulate a legitimate, non-discriminatory reason for promoting someone other than Patterson. See id. If Sears satisfies this burden, the burden shifts back to Patterson, who must prove that "the legitimate reasons offered by [Sears for failing to promote him] were not its true reasons, but were a pretext for discrimination." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 140, 120 S. Ct. 2097, 2104-05 (2000).

1.  **Prima Facie Case.**

To establish a prima facie case of age discrimination, Patterson must prove that (1) he is a member of the protected class (i.e., he at least forty years of age)[6]; (2) he applied for a promotion to an available position for which he was qualified; (3) he did not receive the promotion; and (4) Sears filled the position with an employee from outside the protected class (i.e., Miller is under forty years of age). See Rachid v. Jack in the Box, Inc., 376 F.3d 305, 309 (5th Cir. 2004); Bennett v. Total Minatome Corp., 138 F.3d 1053, 1060 (5th Cir. 1998). It is undisputed that Patterson belongs to the protected class, that he applied for an available promotion,

---

[6] See 29 U.S.C. § 631 (stating that the prohibitions in the ADEA "shall be limited to individuals who are at least 40 years of age").

that he did not receive the promotion, and that Sears filled the position with an employee from outside of the protected class. Sears, however, disputes that Patterson was qualified for the promotion.

Patterson did not apply for the Loss Prevention Lead position when it was available in November of 2008. See Kolpakchi v. Principi, 113 F. App'x 633, 638 (5th Cir. 2004) ("Because [the plaintiff] failed to apply for the desired position, [she] cannot present a prima facie case."). When the position became available again, Patterson submitted an application. The position was vacated in January of 2009 and Patterson submitted his application in May of 2009. However, Johnson, the store manager, gave Patterson a "final warning" on January 5, 2009, and sought approval to terminate him on February 24, 2009, for performance issues. Patterson was ultimately terminated on July 22, 2009, for falsification of company documents. Therefore, it is clear that Patterson was not qualified for the promotion at the time he submitted his application or at the time the position was filled. Patterson fails to establish a prima facie case of age discrimination.

### 2. Legitimate, Non-Discriminatory Reason.

Had Patterson established a prima facie case of discrimination, he would have shifted the burden of production to Sears to proffer a legitimate, non-discriminatory reason for the challenged employment action. See McDonnell Douglas, 411 U.S.

at 802, 93 S. Ct. at 1824. Sears satisfied its burden of producing a legitimate, non-discriminatory reason for selecting Miller over Patterson. Sears's burden in this regard "is one of production, not persuasion . . . [and] can involve no credibility assessment." Reeves, 530 U.S. at 142, 120 S. Ct. at 2106. In support of its motion for summary judgment, Sears produced the declaration of the store manager and documents that evidenced conversations with 88 Sears which enumerate several legitimate, non-discriminatory reasons for selecting Miller over Patterson.

In her declaration, Johnson documented the issues she had with Patterson beginning in January of 2009 and culminating in his termination in July of 2009 for falsification of company documents. See Record Document 19, Ex. B. Johnson further stated that she chose Miller for the Loss Prevention Lead position because of "his experience with loss prevention at Lowe's and four years in the United States Air Force." Id.

3.  **Pretext.**

The foregoing reasons proffered by Sears satisfy its burden to produce a legitimate, non-discriminatory basis for selecting Miller over Patterson. Accordingly, the presumption of unlawful discrimination disappears, and the burden shifts back to Patterson to prove that the proffered reasons are a pretext for discrimination. See Reeves, 530 U.S. at 140, 120 S. Ct. at 2104. The ultimate

determination in the summary judgment context is whether, viewing all of the evidence in a light most favorable to the plaintiff, a reasonable factfinder could infer discrimination. See Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000). In making this determination, a court should consider "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case. . . ." Id. (quoting Reeves, 530 U.S. at 148, 120 S. Ct. at 2108). Thus, the strength of the circumstantial evidence supporting the plaintiff's prima facie case and showing the defendant's proffered reason is false may be enough to create an inference of discrimination. See Crawford, 234 F.3d at 900; Reeves, 530 U.S. at 148-49, 120 S. Ct. at 2109.

Patterson has presented no evidence whatsoever of pretext to support a reasonable inference of discrimination in this case and has failed to demonstrate a genuine dispute of material fact as to whether Sears's employment action was illegally motivated. Viewing all of the summary judgment evidence in a light most favorable to Patterson, the court holds that no reasonable factfinder could infer age discrimination therefrom, and accordingly, summary judgment for Sears is appropriate in this case. While Patterson may feel that it was a poor employment decision not to promote him and to promote Miller instead, the discrimination laws

were "not intended to be a vehicle for judicial second-guessing of employment decisions, nor [were they] intended to transform the courts into personnel managers." <u>Bodenheimer v. PPG Indus., Inc.</u>, 5 F.3d 955, 959 (5th Cir. 1993).

### III. CONCLUSION

The motion for summary judgment filed by Sears is **GRANTED**. All claims by Patterson against Sears are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 12th day of April, 2011.

JUDGE TOM STAGG